# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 12, 2008

135053

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

GRIEVANCE ADMINISTRATOR,
ATTORNEY GRIEVANCE COMMISSION,
STATE OF MICHIGAN,
        Petitioner-Appellee,

v

PATRICIA COOPER,
        Respondent-Appellant.

SC: 135053
ADB: 06-000036-GA

_____/

On November 13, 2008, the Court heard oral argument on the application for leave to appeal the September 17, 2007 opinion and order of the Attorney Discipline Board. On order of the Court, the application is again considered. MCR 7.302(G)(1). In lieu of granting leave to appeal, we REVERSE the opinion and order of the Attorney Discipline Board and REINSTATE the August 1, 2006 order of dismissal of the Attorney Discipline Board Hearing Panel No. 106. The Attorney Discipline Board erred in holding that the July 29, 2002 fee agreement was ambiguous as to whether the $4,000 minimum fee was nonrefundable. As written, the agreement clearly and unambiguously provided that the respondent was retained to represent the client and that the minimum fee was incurred upon execution of the agreement, regardless of whether the representation was terminated by the client before the billings at the stated hourly rate exceeded the minimum. So understood, neither the agreement nor the respondent's retention of the minimum fee after the client terminated the representation violated existing MRPC 1.5(a), MPRC 1.15(b) or MRPC 1.16(d).

KELLY, J. (*concurring*).

I concur in the Court's order reversing the opinion and order of the Attorney Discipline Board and reinstating the order of dismissal of the Attorney Discipline Board Hearing Panel No. 106. I write separately in the interest of curtailing future misunderstandings regarding attorney-client fee agreements similar to the one that occurred in this case.

The following is the relevant part of the fee agreement:

  1. Client agrees to pay Attorney a MINIMUM FEE OF $4,000.00 which shall be payable as follows:

  Retainer $4,000.00

  Balance $-0-

       * * *

  This MIMIMUM FEE shall entitle Client to a combined amount of Attorney and Legal Assistant time computed in accordance with the hourly rate set forth in Paragraph 3 below.

  2. Client understands that NO portion of the MINIMUM FEE referred to above is REFUNDABLE, to the client, under any circumstances.

  3. Hourly rate: Attorney $195.00

       Assistant $_____

  4. In the event the combined Attorney and Legal Assistant time shall exceed the MINIMUM FEE, Client agrees to pay for such time at the rates set forth in Paragraph 3 above.

I agree that this agreement is unambiguous because it clearly states that the $4,000 minimum fee is nonrefundable.

However, counsel might be aided in knowing that the Attorney Grievance Commission believes that fewer grievances would be filed if a different fee agreement were substituted for the agreement used in this case. The commission recommends that the agreement explicitly designate the fee the attorney charges for being hired and state that the fee is nonrefundable under any circumstances. As the commission recommends, counsel may wish to designate the number of hours the attorney will work without additional charge, and specify an hourly rate to be charged thereafter.



  I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 12, 2008

_____
Clerk

s1209